FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE P., O/B/O L.P., <br><br> Plaintiff, <br><br> -vs- <br><br> MARTIN O'MALLEY, Commissioner of Social Security,[1] <br><br> Defendant. | No.   2:23-CV-0146-WFN <br><br> ORDER GRANTING PLAINTIFF'S MOTION <br><br> ECF Nos. 8, 14 |

Pending before the Court are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 8, 14. Attorney Christopher H. Dellert represents Michelle P. (Plaintiff), on behalf of L.P., a minor (Claimant); Special Assistant United States Attorney Thomas E. Chandler represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion, **DENIES** Defendant's motion, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

### JURISDICTION

Plaintiff, on behalf of Claimant, filed an application for benefits on July 27, 2020, alleging disability since July 1, 2020. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on June 8, 2022, and issued an unfavorable decision on June 27, 2022. Tr. 15-27. The Appeals Council

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING
PLAINTIFF'S MOTION - 1

denied review on March 1, 2023.  Tr. 1-6.  Plaintiff appealed this final decision of the Commissioner on May 12, 2023.  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a three-step sequential evaluation process for determining whether a child is disabled.  20 C.F.R. § 416.924.  At step one, it must be determined whether the claimant is performing substantial gainful activity.  *Id.*  If the claimant is not performing substantial gainful activity, at step two, it must be determined whether the claimant has a "severe" medically determinable impairment or combination

ORDER GRANTING
PLAINTIFF'S MOTION - 2

thereof.  *Id.*  If the claimant has a severe impairment or combination of impairments that meets the duration requirement, it must be determined at step three whether that impairment meets, medically equals, or functionally equals a listed impairment in 20 C.F.R. § 404, Part B, Appendix 1, Subpart P.  *Id.*  If the child's impairment meets or medically equals a listed impairment, then the claimant will be found disabled.  If the impairment does not meet or medically equal a listed impairment, it must be determined whether the impairment *functionally* equals a listed impairment by assessing the child's limitations in six broad areas of functioning called "domains."  The domains include the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, (6) health and physical well-being. 20 C.F.R. § 416.926a.  The claimant's impairment will be considered functionally equivalent if the claimant has "marked" limitations in two domains, or "extreme" limitations in one domain.  *Id*.  A determination of functional equivalence is the responsibility of the state agency medical or psychological staff at the initial and reconsideration levels, of an ALJ at the hearing level, and of the Appeals Council at that level.  20 C.F.R. § 416.926a(n).  If a claimant meets all three steps and has an impairment that meets, medically equals, or functionally equals a listed impairment for the required duration, he or she will be found disabled.

## ADMINISTRATIVE FINDINGS

On June 27, 2022, the ALJ issued a decision finding Claimant was not disabled as defined in the Social Security Act.  Tr. 15-27.

At step one, the ALJ found Claimant was a school-age child and had not engaged in substantial gainful activity since July 27, 2020, the application date.  Tr. 16.

At step two, the ALJ found the Claimant has the following severe impairments: dyslexia; spelling disorder; and hearing loss, left ear.  Tr. 16.

At step three, the ALJ found Claimant does not have an impairment or combination or impairments that meets or equals the severity of a listed impairment.  Tr. 16.  As to functional equivalence, the ALJ found Plaintiff had less than marked limitations in acquiring

ORDER GRANTING
PLAINTIFF'S MOTION - 3

and using information, attending and completing tasks, caring for himself, and health and physical well-being; and no limitations in interacting and relating with others and moving about and manipulating objects. Tr. 18. The ALJ thus determined Plaintiff's impairments did not result in two marked limitations or one extreme limitation in any of the six domains. Tr. 27.

The ALJ thus concluded Plaintiff has not been disabled since the application date. Tr. 27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ failed to develop the record; (B) whether the ALJ erred by taking expert testimony before taking the testimony of Claimant and Plaintiff; (C) whether the ALJ erred at step two; (D) whether the ALJ erred in evaluating the medical evidence; and (E) whether the ALJ erred by discounting Plaintiff's testimony. As discussed below, because the Court concludes the ALJ erred with respect to the first issue, it is not necessary to reach Plaintiff's remaining assignments of error.

## DISCUSSION

Plaintiff contends the ALJ erred by not having a complete case review by an appropriate medical expert, in accordance with *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006 (9th Cir. 2003) and Social Security Acquiescence Ruling 04-1(9). ECF No. 8 at 4-6. For a disability claim of an individual under eighteen years old, the ALJ "shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as determined by the Commissioner of Social Security) evaluates the case of such individual." 42 U.S.C. § 1382c(a)(3)(I). The pediatrician or other appropriate specialist must base their evaluation on the record in its entirety. *Howard*, 341 F.3d at 1014. To satisfy this requirement, the ALJ may rely on a case evaluation made by a state agency consultant that is already in the record, or the ALJ may rely on the testimony of a medical expert. Social Security

Acquiescence Ruling (AR) 04-01(9), *available at* 2004 WL 875081. When the ALJ relies on the case evaluation made by a state agency consultant, "the record must include the evidence of the qualification of the State agency ... consultant." *Id.*

It is undisputed that the ALJ did not "ensure that a qualified pediatrician … evaluate[d]" Claimant's case. 42 U.S.C. § 1382c(a)(3)(I); *see* ECF No. 14 at 5-6. The Commissioner also concedes that the State agency consultants, on whom the ALJ relied, did not review the entirety of the record, as "numerous records were developed after the date of the State agency consultants' reviews." ECF No. 14 at 6. The Commissioner further concedes "there is no additional information to determine whether their qualifications are appropriate to the instant case." *Id.* Nevertheless, the Commissioner contends such errors were harmless "as the ALJ complied with AR 04-1(9) by utilizing a medical expert at the hearing." *Id.* The Court disagrees.

As with the State agency consultants, it is not apparent that the testifying medical expert, Jay M. Toews, M.D., has the requisite statutory qualifications. *See* 42 U.S.C. § 1382c(a)(3)(I). While the record indicates Dr. Toews is a clinical and behavioral psychologist, *see* Tr. 27, 38-43, it does not indicate that he "specializes in a field of medicine *appropriate* to the disability" of Claimant. AR 04-1(9) (emphasis added); *see also Howard*, 341 F.3d at 1014 (an "ALJ is required to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other *appropriate* specialist") (emphasis added). Importantly, an "individual who specializes in a field of medicine appropriate to the disability" of the child or an "appropriate specialist" are statutory and regulatory alternatives to a "pediatrician." *See* 42 U.S.C. § 1382c(a)(3)(I); AR 04-1(9). It is thus not apparent that Dr. Toews has the requisite qualifications to evaluate a *child's* claim. *Cf. Biden v. Nebraska*, 143 S. Ct. 2355, 2378 (2023) (Barrett, J., concurring) ("To strip a word from its context is to strip that word of its meaning.").

Resisting this conclusion, the Commissioner maintains, in a conclusory fashion, that the ALJ's use of Dr. Toews's testimony satisfied AR 04-1(9). This argument overlooks that the use of Dr. Toews's testimony to satisfy AR 04-1(9) was as inherently deficient as the

ORDER GRANTING
PLAINTIFF'S MOTION - 5

ALJ's use of the State agency consultants. The Commissioner offers no authority that would compel the Court to depart from adhering to the plain meaning of the unambiguous statutory and regulatory language at issue. *See, e.g.*, *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340-41 (1997); *United States v. Bucher*, 375 F.3d 929, 932 (9th Cir. 2004).

Accordingly, the Court finds the ALJ erred in failing to obtain a comprehensive case evaluation by an appropriately qualified medical expert and this error was consequential. Evaluation of the case as a whole by an appropriately qualified medical expert is critical to the adjudicator's longitudinal understanding of Claimant's impairments and resulting limitations. *See Howard*, 341 F.3d at 1014.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall call a qualified pediatrician or other appropriately qualified medical specialist to review the case in its entirety and to reevaluate the Domains and Listings. The ALJ shall also reconsider Claimant's subjective complaints, each lay witness statement, and all the medical evidence of record, taking into consideration any other evidence or testimony relevant to Claimant's disability claim. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion to reverse, filed August 3, 2023, **ECF No. 8**, is **GRANTED**.

2. Defendant's motion to affirm, filed November 27, 2023, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 17th day of April, 2024.

WM. FREMMING NIELSEN<br>
SENIOR UNITED STATES DISTRICT JUDGE

03-07-24

ORDER GRANTING
PLAINTIFF'S MOTION - 6